**Mareshei DELANEY, Appellant,**

**v.**

**ASSURED SELF STORAGE, Appellee.**

**No. 05–06–01375–CV.**

Court of Appeals of Texas, Dallas.

Dec. 23, 2008.

Frank P. Hernandez, Dallas, for Appellant.

Zachary Thomas Mayer, Kane Russell, Coleman & Logan, PC, Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice BRIDGES.

Appellant Mareshei DeLaney appeals from a summary judgment. In a single issue, DeLaney asserts the trial court erred in granting the motion for summary judgment because there are material issues of fact that should be decided by a jury. We affirm the trial court's judgment.

## Background

Appellant entered into an agreement to rent self-storage space from Assured Self Storage. Appellant's property was later stolen from the storage unit, and she made demand upon appellee for payment for the stolen property. Appellee refused to pay for her loss, and appellant brought suit on the contract, contending the contract was a bailment contract. Appellee filed both traditional and no-evidence motions for summary judgment, arguing the rental contract was not a bailment contract. The trial court granted appellee's motion.

## Standard of Review

The standard for reviewing a traditional summary judgment is well established. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who moves for summary judgment must show the plaintiff has no cause of action. A defendant may meet this burden by either disproving at least one essential element of each theory of recovery or conclusively proving all elements of an affirmative defense. *See Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *See Kang v. Hyundai Corp.,*

992 S.W.2d 499, 501 (Tex.App.-Dallas 1999, no pet.).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* Tex.R. Civ. P. 166a(i); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Gen. Mills,* 12 S.W.3d at 833. When analyzing no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *Id.*

In the present case, the trial court did not specify the grounds on which the summary judgment was granted. If a summary judgment order issued by the trial court does not specify the ground or grounds relied upon for a ruling, the ruling will be upheld if any of the grounds in the summary judgment motion can be sustained. *Bradley v. State ex rel. White,* 990 S.W.2d 245, 247 (Tex.1999); *Ortega v. City Nat. Bank,* 97 S.W.3d 765, 772 (Tex.App.-Corpus Christi 2003, no pet.). When the motion for summary judgment presents both no-evidence and traditional grounds, appellate courts usually review the no-evidence grounds first. *See Kalyanaram v. Univ. of Tex. Sys.,* 230 S.W.3d 921, 925 (Tex.App.-Dallas 2007, pet. denied).

## Discussion

Appellee's motion for summary judgment alleged there was no evidence to support the existence of a bailment relationship. Specifically, appellee's motion alleged there was no evidence to support any of the four elements of bailment: (1) the delivery of personal property from one person to another for a specific purpose; (2) acceptance by the transferee of such delivery; (3) an agreement that the pur-

pose will be fulfilled; and (4) an understanding that property will be returned to the transferor. *See Prime Products, Inc. v. S.S.I. Plastics, Inc.,* 97 S.W.3d 631, 635 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Sears, Roebuck & Co. v. Wilson,* 963 S.W.2d 166, 168–69 (Tex.App.-Fort Worth 1998, no pet.). *See also Berlow v. Sheraton Dallas Corp.,* 629 S.W.2d 818, 821 (Tex.App.-Dallas 1982, writ ref'd n.r.e.) ("In order to constitute a bailment, there must be a contract, express or implied, delivery of the property to the bailee, and acceptance of the property by the bailee.").

■ On appeal, appellant argues that the rental contract with appellee was a bailment contract. The bailment relationship requires the bailee to take possession and control of the bailor's personal property. *See Hoye v. Like,* 958 S.W.2d 234, 237–38 (Tex.App.-Amarillo 1997, no pet.); *Allright Auto Parks, Inc. v. Moore,* 560 S.W.2d 129, 130 (Tex.Civ.App.-San Antonio 1977, writ ref'd n.r.e.). To establish a bailment relationship, the evidence also must demonstrate that the entity sought to be charged as bailee knew that it was assuming such relationship and responsibilities before it is charged with the duties of bailee. *Hoye,* 958 S.W.2d at 237.

■ Appellee's no-evidence motion for summary judgment contended there was no evidence supporting the first element of appellant's bailment claim: delivery of personal property from one person to another for a specific purpose. Consequently, the burden shifted to appellant to raise a genuine issue of material fact on the first element of her bailment claim in order to avoid summary judgment. *See* Tex.R. Civ. P. 166a(i). Appellant contends that "it is clear from the nature of [a]ppellee's business that it intends to create a bailor/bailee relationship...." In support of her response to the motion for summary judgment, appellant attached ex-

cerpts from her deposition, a copy of the rental agreement along with the Tenant Responsibility Addendum, the affidavit of appellee's office manager, and the Mesquite Police Department offense/incident report.

We have reviewed appellant's evidence and conclude there is no evidence to establish appellee accepted delivery of appellant's personal property for a specific purpose. In her deposition, appellant stated she was the only one who possessed a key to the lock on the unit and she was the only person who knew the entry code to access the property. The office manager's affidavit states that after renting the space to appellant, no employee of appellee ever entered her unit and appellee "was never aware of the contents claimed to be stored within [appellant's] unit" Furthermore, the Tenant Responsibility Addendum to the rental agreement between appellant and appellee specifically states that appellee "[i]s a commercial business renting space and *is not a bailee* or warehouseman." (emphasis added). In addition, throughout the two-page rental agreement, appellant is referred to as "occupant" or "tenant" and appellee is referred to as "owner" or "lessor." The parties are never referred to as "bailor" and "bailee." In addition, appellee never agreed to accept possession and control of appellant's property in the rental agreement. Paragraph 9 of the rental agreement states, in pertinent part, as follows:

9. **NON–LIABILITY OF LESSOR AND INSURANCE OBLIGATIONS OF TENANT:** ALL PROPERTY STORED WITHIN OR ON THE SPACE BY TENANT OR LOCATED AT THE FACILITY SHALL BE TENANT'S SOLE RISK. LESSOR CARRIES NO INSURANCE WHICH IN ANY WAY COVERS ANY LOSS WHATSOEVER THAT TENANT MAY HAVE OR CLAIM BY RENTING THE STORAGE SPACE OR BEING ON OR ABOUT THE FACILITY AND THEREFORE TENANT MUST OBTAIN ANY INSURANCE DESIRED AT HIS OWN EXPENSE.... LESSOR SHALL NOT BE LIABLE TO TENANT ... FOR ANY PERSONAL INJURIES OR PROPERTY DAMAGE OR LOSS FROM THEFT.... TENANT ACKNOWLEDGES THAT *LESSOR DOES NOT TAKE CARE, CUSTODY, CONTROL, POSSESSION OR DOMINION OVER THE CONTENTS IN OR ON THE SPACE* OR AT THE FACILITY AND DOES NOT AGREE TO PROVIDE PROTECTION OF THE FACILITY, THE SPACE OR THE CONTENTS THEREOF. TENANT MUST TAKE WHATEVER STEPS HE DEEMS NECESSARY TO SAFEGUARD WHAT IS AT THE FACILITY OR IN THE SPACE. IF TENANT DESIRES TO KEEP THE SPACE LOCKED, HE MUST PROVIDE HIS OWN LOCKS AND KEYS AND ASSUMES FULL RESPONSIBILITY FOR WHO HAS POSSESSION OF THE KEYS AND ACCESS TO LOCKS AND KEYS AND ASSUMES FULL RESPONSIBILITY FOR WHO HAS POSSESSION OF THE KEYS AND ACCESS TO THE SPACE....

(additional emphasis added). Thus, the rental agreement merely contemplates the rental of storage space and provides no evidence that it is a bailment contract.

We, therefore, conclude the trial court properly granted appellee's motion for summary judgment because appellant offered no evidence of appellant's delivery of personal property to appellee for a specific purpose. *Prime Products*, 97 S.W.3d at 635–36. Appellant failed to bring forth

more than a scintilla of probative evidence to raise a genuine issue of material fact that she delivered her personal property to appellee for a specific purpose. *Id.* Thus, she failed to provide evidence to support an essential element of her claim that the rental agreement between the parties was a bailment contract. Accordingly, the trial court properly granted appellee's no-evidence motion for summary judgment. Tex.R. Civ. P. 166a(i).

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.